[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 1229.]

PHILLIPS, APPELLEE, *v.* BURT; ST. ELIZABETH MEDICAL CENTER, APPELLANT.

[Cite as *Phillips v. Burt*, 1997-Ohio-268.]

*Appeal dismissed as improvidently allowed.*

(No. 95-1522—Submitted November 13, 1996 at the Urbana Session—Decided January 22, 1997.)

APPEAL from the Court of Appeals for Montgomery County, No. CA-14532.

————————————

*Spangenberg, Shibley, Lancione & Liber, John G. Lancione, John D. Liber* and *Cathleen M. Bolek*, for appellee.

*Dinsmore & Shohl, K.C. Green, Deborah R. Lydon* and *Sara Simrall Rorer*, for appellant.

*Bricker & Eckler, James J. Hughes, Jr.* and *Catherine M. Ballard; Elsass, Wallace, Evans, Schnelle & Co., L.P.A.,* and *Stanley R. Evans*, urging reversal for *amici curiae*, Ohio Hospital Association and Ohio State Medical Association.

————————————

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and STRATTON, JJ., dissent.

————————————

**COOK, J., dissenting.**

{¶ 2} I respectfully dissent from the decision of the majority to dismiss this appeal as improvidently allowed.  I would take this opportunity to revisit the issue of the application of the discovery rule to negligent-credentialing claims.

{¶ 3} The discovery rule developed to preserve the claims of individuals who, despite the exercise of diligence, could not have known of an injury until the

statute of limitations had run. The rule requires an objective assessment of when an individual knew or should have known that he or she has been injured. The "alerting event" rationale of *Browning v Burt* (1993), 66 Ohio St.3d 544, 613 N.E.2d 993, is a departure from prior law.

{¶ 4} The underlying policy behind a statute of limitations is to discourage fraudulent or stale claims that cannot be fairly defended years after the occurrence of a claimed injury. *Browning* postpones the running of the statute of limitations in negligent-credentialing claims until the plaintiff discovers the legal significance of his or her injury; that is, discovers the legal theory supporting a claim against the credentialing entity. The major problem with this analysis is that plaintiffs **never** have such knowledge except through consultation with a lawyer about legal theories of redress.

{¶ 5} Ms. Phillips's case aptly demonstrates the sophistry of the *Browning* approach. She had tremendous physical problems after the surgery. Realistically, such symptomology is the only true "alerting event" for a plaintiff with a claim for bodily injury, which essentially this is. Yet, Phillips did not file a complaint until over four years after the onset of her problems.

{¶ 6} Despite Phillips's knowledge of her problems, under the *Browning* standard she was not "alerted" to her claim for negligent credentialing until sometime during the trial. Surely the legislature could not have intended such a result when enacting a statute of limitations for bodily injury.

{¶ 7} I would reverse this case and overrule *Browning*.

MOYER, C.J., and STRATTON, J., concur in the foregoing dissenting opinion.

———————————